# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 05MJ223 |
| vs. | **DETENTION ORDER** |
| JUAN ANTONIO GARCIA, | |
| Defendant. | |

This matter came on for detention hearing on December 13, 2005. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Juan Antonio Garcia appeared in person with his attorney, Joseph Flannery. The Government offered the testimony of Task Force Officer Shawn Jensen.

The court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to

rebuttal by the defendant. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates the Government's case against Garcia is quite strong. Garcia participated in two controlled sales of pound quantities of methamphetamine, which occurred in September and October 2005. After his arrest, Garcia gave a post-*Miranda* statement in which he admitted to the sale of a pound quantity of methamphetamine on another occasion. These quantities are quite large, and constitute sufficient evidence, standing alone, to detain Garcia on the presumption that he would be a danger to the community. *See, e.g., United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)).

In addition, although Garcia's criminal history is not significant for violent crimes or prior drug crimes, his record evidences an inability to comply with conditions of release. Garcia committed the charged offenses while on probation from a state OWI charge, which probation was extended when he violated its terms. Viewing the record as a whole, the court finds nothing to indicate Garcia would comply with conditions of pretrial release here.

On the issue of flight risk, the court finds Garcia has significant ties to the community, and the Government has failed to prove he would be a risk of flight.

The court finds the Government has proved by clear and convincing evidence that Garcia would be a danger to the community if released.  Therefore, the court finds the following:

1. Garcia is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Garcia reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Garcia to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order.  Therefore, Garcia must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 13th day of December, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT